CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUN 23 2005

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LADORA EDWARDS,<br>Petitioner, | )<br>)  Case No. 7:04CV00602<br>) |
| v. | )  OPINION<br>) |
| UNITED STATES,<br>Respondent. | )  By: James P. Jones<br>)  Chief United States District Judge |

Petitioner Ladora Edwards, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In her petition, Edwards contests the validity of her 2002 conviction and sentence, alleging that her counsel was ineffective. The respondent has filed a motion to dismiss, to which the petitioner has responded, making this matter ripe for the court's review. After a careful review of the petition, the court is of the opinion that the respondent's Motion to Dismiss must be granted.

## I. Procedural History

On May 3, 2002, a jury found Edwards guilty of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On October 17, 2002, this court sentenced Edwards to 63 months in prison.

Edwards appealed and her convictions were affirmed. United States v. Edwards, 63 Fed. Appx. 172, cert. denied, 540 U.S. 172 (2003). Edwards signed the instant motion on August 30, 2004.

## II. Analysis

Edwards's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Edwards meets the requirements of § 2255 because she was in custody pursuant to a judgment of this court at the time of the petition, and remains in custody to this day.

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of her right to effective assistance of counsel. The first prong requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. Id. at 688. However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The second prong requires the defendant to prove prejudice to her defense. This requires a showing that but for her attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

In claim 1, Edwards alleges that her counsel did not allow her to testify. Edwards claims that her counsel would not let her testify and that the judge, in open court, told her to take the advice of her attorney. However, the trial transcripts and affidavit of Edwards's trial counsel contradict Edwards's allegations. The trial transcript shows that counsel advised the court that Edwards no longer wished to take the stand. See Tr. May 2, 2002 at 1-155. The court advised Edwards that she had a right not to testify and a right to testify but that it was her choice. Id. at 1-155-56. The court suggested that Edwards consider counsel's advice and called a recess to allow Edwards to make her decision overnight. Id. at 1-156.

2

Edwards claims that once she expressed a desire to testify, counsel should not have advised her against testifying. The court finds no merit to this contention. In fact, it is counsel's duty to advise a client as to the advantages and disadvantages of testifying and to recommend a course given counsel's knowledge and experience.

In claim 2, Edwards alleges that counsel was ineffective for failing to properly investigate and object to a violation of the double jeopardy clause. Edwards claims that she was convicted in Virginia state court as a result of the same conduct for which the federal indictment charged her. However, as noted in the trial transcript, the state charges stemmed from a drug transaction that occurred in early January, 2001, and the federal charges stemmed from drug transactions in the end of February, 2001. See Tr. May 2, 2002 at 1-4. Although both convictions were for distribution of cocaine, the fact that the convictions dealt with different transactions and different individuals means that they did not arise out of the same conduct.

In claim 3, Edwards alleges that counsel was ineffective for failing to determine if Edwards was competent to stand trial. Edwards claims that she was in a mental hospital at the time of her arrest. However, Edwards does not allege that she was not competent to stand trial. In his affidavit, counsel states that he felt that Edwards was competent to stand trial as she understood the issues and charges against her and the wrongfulness of her actions. As this evidence is uncontroverted, Edwards has not shown that counsel's performance was deficient.

### III. Conclusion

The court finds that Edwards has not shown deficient performance on the part of her defense counsel. Because the issues are adequately presented, the court feels that an evidentiary hearing

3

would not facilitate the disposition of this case. Therefore, the court must grant the respondent's Motion to Dismiss.

An appropriate order will be entered herewith.

DATED: June 23, 2005.

/s/ James P. Jones
Chief United States District Judge

4